**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

CORDARO BONNER,                                    Case No. 26-CV-2155 (MJD/JFD)

       Petitioner,

v.                                                        **REPORT AND RECOMMENDATION**

JARED RARDIN,

       Respondent.

---

Petitioner Cordaro Bonner is a federal prisoner. In 2025, Mr. Bonner was found by prison guards to be in possession of a cell phone, which is a violation of prison rules. *See* Petition at 1 [Dkt. No. 1]. Mr. Bonner was punished for the infraction through the loss of 41 days of good-time credits, along with other, lesser sanctions. *See id.* at 2.

Mr. Bonner filed a petition for a writ of habeas corpus challenging the lawfulness of the disciplinary proceedings. According to Mr. Bonner, the Disciplinary Hearing Officer ("DHO") who presided over the case had not been lawfully appointed. Even setting that issue aside, argued Mr. Bonner, neither the DHO nor anyone else had given him *Miranda*[1] warnings as part of the disciplinary proceedings. Mr. Bonner therefore requested that the disciplinary sanction be vacated and that his good-time credits be restored.[2]

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] Mr. Bonner also argued in his petition that the BOP lacked authority to impose punishments *at all*, because Congress had not delegated that authority to the agency. There is no reason to believe that Mr. Bonner exhausted administrative remedies with respect to that claim (and dismissal is recommended on that basis), but even if he had, the claim is

1

This Court concluded an initial review of Mr. Bonner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and noted that Mr. Bonner had not mentioned having presented his claims to the Federal Bureau of Prisons ("BOP") through the BOP's administrative procedures for resolving claims attacking the validity of disciplinary proceedings. *See* 28 C.F.R. § 542.10-542.19.   The federal habeas corpus statute does not include an exhaustion requirement, *see generally* 28 U.S.C. § 2241, but courts have long required federal prisoners to exhaust the administrative remedies that are made available by the BOP before seeking habeas relief, *see Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam). If Mr. Bonner had not exhausted administrative remedies before proceeding to federal court—and there was no reason from the habeas petition to believe that he had—then Mr. Bonner would not be afforded habeas corpus relief on his claims. Accordingly, Mr. Bonner was directed to provide evidence of having exhausted the administrative-review process for his claims by no later than May 22, 2026, failing which this matter would be recommended for dismissal without prejudice. *See* Order of April 22, 2026 [Dkt. No. 4].

That deadline has now more than passed, and Mr. Bonner has not provided the necessary evidence establishing that he has exhausted his claims for relief—or responded to the Court's prior Order in any other way. Accordingly, the Court now recommends, consistent with the warning given in the prior Order, that Mr. Bonner's habeas petition be

---

simply not a good one. *See* 18 U.S.C. § 3624(b)(1); *Morales v. Rardin*, No. 24-CV-3121 (JMB/TNL), 2024 WL 5220656, at *2 (D. Minn. Dec. 26, 2024).

denied and that this matter be dismissed without prejudice for failure to exhaust administrative remedies. The denial will not preclude Mr. Bonner from returning to federal court and seeking relief on his claims—but to do so, Mr. Bonner will need to first present those claims to the BOP.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Cordaro Bonner [Dkt. No. 1] be **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

2. This matter be **DISMISSED**.

Date: May 29, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).